IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **KERRY WHITEHEAD,** *Plaintiff*, | § § § |
| v. | § § CIVIL ACTION NO. 6:21-cv-356 |
| **FIKES WHOLESALE, INC, and CEFCO CONVENIENCE STORES,** *Defendant*. | § § § § § |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Kerry Whitehead ("Plaintiff" and/or "Whitehead") and files this, his Original Complaint and Jury Demand against Defendants Fikes Wholesale, Inc., ("Fikes") and CEFCO Convenience Stores ("CEFCO" or "Defendant") concerning discrimination and retaliation arising under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq*. In support of Plaintiff's claims, he respectfully states as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343(a)(4), 42 U.S.C. § 1981, and 42 U.S.C. § 2000e-5(f)(3). The Court has supplemental jurisdiction over Plaintiff's claims under the Texas Labor Code and Texas Law because those claims are so related to the claims in the action with the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

2. Venue is proper in this district under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5.

## II. PARTIES

3. Plaintiff is an African American male.

4. Defendant Fikes Wholesale Inc., is incorporated and doing business in the state of Texas. CEFCO Convenience Stores is a wholly owned subsidiary of Fikes. The parties do business at 6261 Central Pointe Parkway, Temple, TX 76503. The parties can be served through the Fikes registered agent— Corporation Service Company d/b/a CSC Lawyers, Inc., 211 E. 7th St. Ste. 620, Austin, TX 78701.

## III. FACTUAL BACKGROUND

5. Fikes Wholesale, Inc. is a multi-branded petroleum products marketer. Fikes is the parent company to six (6) business, including CEFCO Convenience Stores. The parent and subsidiary are headquartered at the same location in Temple, Texas. CEFCO owns and operates over 200 company branded convenience stores stretching from West Texas to Florida.

6. At all times relevant to this complaint, Defendants have had over five hundred employees.

7. Defendants are "employer[s]" within the meaning of 42 U.S.C. § 2000e and TEX. LAB. CODE § 21.002(8).

8. Mr. Whitehead was employed by Defendants as one of CEFCO's District Managers.

9. Prior to being wrongfully terminated, Mr. Whitehead was enjoying a successful career at CEFCO, earning positive performance reviews under Manager Rick Schneider.

10. Indeed, on or about February 27, 2018, Mr. Whitehead earned a strong performance review, with no score less than fully satisfactory. Manager Schneider expressed that Mr.

Whitehead was doing a great job and that there were not any areas of concern related to his performance. Mr. Whitehead's performance resulted in a pay increase.

11. Mr. Schneider would leave that position almost immediately afterwards.

12. Unfortunately, Mr. Whitehead's new supervisor, Ken Rowland—Regional Vice President, Operations, harbors prejudices and biases against African Americans.

13. On or about April 5, 2018, approximately one-week after receiving a strong performance review, Mr. Rowland made the decision to place Mr. Whitehead on a Performance Improvement Plan ("PIP"). Mr. Whitehead was given 30-days to correct any alleged performance issues. Mr. Whitehead was placed on this PIP without prior notice of any alleged poor performance, verbal or written, in violation of Defendants' progressive discipline policy.

14. This failure of notice placed Mr. Whitehead at a significant disadvantage to other workers, outside of his protected class, because he was not afforded the same opportunities and chances to correct any alleged performance deficiencies.

15. After being placed on the PIP, Mr. Whitehead reported Mr. Rowland's discriminatory treatment to Human Resources.

16. The negative treatment from Mr. Rowland increased, resulting in additional unfounded criticism and terminating Mr. Whitehead before the 30-day PIP concluded.

17. Mr. Whitehead refutes any allegations citing poor performance. Nevertheless, at least four (4) white District Managers have been offered demotions to Store Manager positions in lieu of termination for poor performance. Mr. Whitehead was of course not offered the same opportunity.

18. After being terminated, Plaintiff timely filed an EEOC charge of discrimination and retaliation, which was co-filed with the Texas Workforce Commission Civil Rights Division. Plaintiff received a notice of right to sue letter from the EEOC on January 19, 2021. This suit is being filed within 90 days of Plaintiff having received the notice of right to sue letter from the EEOC.

## IV. CAUSES OF ACTION

**A.  Color and Race Discrimination/Retaliation**

19. Plaintiff realleges and incorporates the allegations contained in the above paragraphs as if fully stated herein.

20. As described above, Defendant's actions constitute unlawful discrimination on the basis of Plaintiff's race in violation of 42 U.S.C. §2000e-2(a), 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq*. The employment practices complained of above were intentional and he was terminated shortly after complaining of his discriminatory treatment.

21. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under Title VII, section 1981, and the Texas Labor Code.

22. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and expects to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with his employment.

23. As a result of Defendant's discrimination, Plaintiff has suffered non-pecuniary losses including, but not limited to emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

24. Defendant acted at all relevant times with malice and/or reckless indifference to Plaintiff's federal- and state-protected rights.  Plaintiff therefore seeks punitive damages under 42 U.S.C. §§ 1981, 1981a, and the Texas Labor Code.

25. Additionally, Plaintiff seeks any and all equitable relief necessary to return him to the position that he would have been in but for Defendant's unlawful discrimination.

26. Defendant's actions referenced in the above paragraphs have caused Plaintiff to retain the services of the undersigned counsel in order to pursue his state and federal rights in this action.  Consequently, Plaintiff seeks attorneys' fees, expert costs, and other costs of suit under 42 U.S.C. § 1981, 42 U.S.C. § 2000e-5(k), and the Texas Labor Code.

## V. JURY DEMAND

27. Plaintiff hereby demands a jury trial on all issues, claims, actions, and defenses against Defendants.

## VI. PRAYER

WHEREFORE, Plaintiff, respectfully requests that the above-named Defendants be cited to appear in this matter and that, after jury trial by proof, Plaintiff be awarded:

    a.    Judgment against Defendant ordering Defendant to take such other reasonable actions as may be necessary to remedy the effects of Defendant's violation of 42 U.S.C. § 1981, 42 U.S.C. § 2000(e), and the Texas Labor Code;

    b.    Judgment against Defendant for lost wages and benefits, both back pay and front pay;

    c.    In the alternative to front pay, judgment against Defendant reinstating Plaintiff to his position of employment, equivalent position of employment, or the position of employment he would have enjoyed but for the discrimination, if reinstatement is deemed feasible;

d.  Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

e.  Judgment against Defendant for punitive damages to the extent allowed under the law;

f.  Pre-judgment interest at the appropriate legal rate on all amounts awarded;

g.  Interest after judgment at the appropriate legal rate on all amounts awarded until paid in full;

h.  Judgment against Defendant for Plaintiff's reasonable attorneys' and experts' fees;

i.  Costs of suit; and

j.  Such other and further relief to which Plaintiff may justly be entitled.

Respectfully submitted,                           Date: April 9, 2021

/s/ *Adam S. Greenfield*
Adam S. Greenfield
Texas Bar No. 24075494
agreenfield@candglegal.com

*Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization*

Edward Cloutman, III – Of Counsel
State Bar No. 04411000
crawfishll@prodigy.net

**Cloutman & Greenfield, PLLC**
3301 Elm Street
Dallas, Texas 75226
Phone: 214-642-7486